AMY RAMÚ, APELADOS-APELANTES v. SUCESIÓN EUGENIO M.
VERGES, APELADOS-APELANTES.[1]

### No. 3712.—Resuelto en Julio 6, 1927.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

No veo que los hechos desarrollados durante el juicio
cambiaran fundamentalmente los aspectos legales del caso
según se presentaron en la opinión dictada por esta Corte
al resolver la excepción previa.  *Amy* v. *Verges*, 33 D. P. R.
372.  Verges no dió una causa válida (*valid consideration*)
a los hijos de Amy.  Verges tenía conocimiento de que estaba
cancelando una deuda de Amy y no importa cuán benévola
pudiera haber sido la intención de Verges para con los hijos
de su hermana, ésa fué toda la causa que realmente pasó
de Verges a Amy.  Debe darse énfasis al hecho de que
Verges sabía, y estaba obligado a saber, que mientras Amy
trataba de disponer de los bienes de sus hijos, en realidad
estaba pagando su propia deuda.

La orden de la corte autorizando a Amy para efectuar

---

[1] Véase la opinión del Tribunal en la página 49.

la venta de la propiedad de sus hijos, en mi opinión, no puede favorecer a Verges. Esa orden meramente dió suficiente autorización a Amy para efectuar la venta de dicha propiedad. Una analogía al presente caso puede hallarse en el de *El Pueblo* v. *Rosaly,* 227 U. S. 270, donde la Corte Suprema de los Estados Unidos resolvió que las palabras "para demandar y ser demandado" meramente establecían la personalidad del cuerpo político. La orden en cuestión no autorizó a Amy a hacer otra cosa que a vender. No le autorizó para que pagara sus propias deudas o para que regalara los bienes de sus hijos. Aun si Verges le hubiese entregado dinero en efectivo a Amy por la propiedad, y éste hubiese utilizado ese dinero para pagar su deuda a Verges, una corte de equidad declararía que la transacción no transfería causa alguna a los hijos de Amy.

Tampoco veo que haya habido una ratificación o que exista algún impedimento por parte de los hijos de Amy. El hecho de que el padre, quien era deudor de sus hijos por muchos conceptos distintos, les hiciera una segunda hipoteca general de la cual ellos derivaron algún pequeño beneficio, no puede constituir una ratificación. Al igual que cualquier otro acreedor, ellos podían aplicar preferentemente cualesquiera utilidades o beneficios que obtuvieran a cualquiera otra de las muchas deudas que su padre había contraído con ellos.